# EXHIBIT A

EXHIBIT A

A- 15- 719715- C

V

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. ______________________
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| LILLIAN TAMAYO | SAMSONITE COMPANY STORES,LLC.; |
| | EMPLOYEE(S)/AGENT(S) DOES 1-10; |
| | and ROE CORPORATIONS 11-20, inclusive |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

***Business Court filings should be filed using the Business Court civil coversheet.***

06/10/2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
06/10/2015 04:24:26 PM

CLERK OF THE COURT

COMP
GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*ATTORNEYS FOR PLAINTIFF*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

LILLIAN TAMAYO, an individual;

Plaintiff,

vs.

SAMSONITE COMPANY STORES, LLC.; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,

Defendants.

Case No.: A- 15- 719715- C
Dept.: V

**COMPLAINT**

**(JURY DEMAND)**

COMES NOW Plaintiff Lillian Tamayo ("Plaintiff" or "Tamayo,") by and through her attorneys, Christian Gabroy, Esq. and Ivy Hensel, Esq. of Gabroy Law Offices, and hereby alleges and complains against Defendant Samsonite Company Stores, LLC. ("Defendant" or "Samsonite") as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue is based upon 29 U.S.C. § 2601, *et. seq.* and NRS



GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Chapter 613.

3. Plaintiff demands a jury trial on all issues triable by jury herein.

4. All alleged unlawful employment actions occurred in this judicial district.

THE PARTIES

5. At all relevant times, Plaintiff was an individual residing in this judicial district.

6. At all relevant times, Plaintiff was an employee of Defendant as that term is defined in the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et. seq.*

7. At all times relevant, Defendant Samsonite was a foreign limited liability company registered with the Nevada Secretary of State and was Plaintiff's employer as that term is defined by NRS Chapter 613 and the FMLA, 29 U.S.C. § 2611, *et. seq.*

8. DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendants or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity. These DOE/ROE Defendants were Plaintiff's employer(s) are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

FACTUAL ALLEGATIONS

9. In or around 2008, Plaintiff was hired and began to work for Defendant as a

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

floor supervisor.

10. Plaintiff was an exceptional employee who exceeded performance expectations. Plaintiff was promoted to assistant manager.

11. On or about June 14, 2013, Plaintiff suffered a work related job injury. While stacking boxes at work, Plaintiff lifted a heavy box above her head. Plaintiff felt a severe pain in her left shoulder.

12. On or about June 16, 2013, Plaintiff notified her supervisor, Francisco Padilla ("Padilla"), of her injury as soon as he returned from his day off of work. See attached incident reporting form hereto as Exhibit I.

13. As a result of her work related injury, Plaintiff sought medical care. Plaintiff was diagnosed with having a strained left shoulder.

14. Plaintiff pursued and filed a worker's compensation claim. Thus, Plaintiff invoked her rights under the worker's compensation laws. See attached form c-4 hereto as Exhibit II.

15. On or about June 17, 2013, Plaintiff was released to return to work with work restrictions including no lifting over twenty (20) pounds and no pushing and/or pulling over forty (40) pounds of force. Plaintiff was also advised to attend physical therapy weekly. See attached physician work activity status report hereto as Exhibit III.

16. Upon her return to work, Plaintiff requested an accommodation. Defendant temporarily provided Plaintiff with an accommodation according to her work restrictions. Defendant temporarily assigned Plaintiff to work in a kiosk.

17. Subsequently, Defendant denied Plaintiff's request for a reasonable accommodation.

18. Defendant placed Plaintiff on involuntary FMLA leave of absence "due to a

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Workers' Compensation injury effective 7/5/13." See attached correspondence hereto as Exhibit IV.

19. Defendant informed Plaintiff that she could not return to work from involuntary FMLA leave until her work restrictions were completely lifted.

20. Plaintiff continued to receive medical treatment and was placed on light work restrictions. Plaintiff requested to return to work with her light duty restrictions.

21. Plaintiff regularly contacted Defendant to update Defendant of the status of her work restrictions.

22. Defendant continued to inform Plaintiff that she could not return to work until her work restrictions due to her injury were completely lifted.

23. Padilla represented to Plaintiff that her job was secure.

24. On or about October 29, 2013, Defendant's agent, Human Resources Manager, Tracy Bertles ("Bertles"), contacted Plaintiff.

25. On or about October 29, 2013, Defendant terminated Plaintiff.

26. Defendant's proffered reason for termination was that Defendant would no longer hold her position open and that it would not hold it open for longer than a period of twelve (12) weeks.

**COUNT I**
**TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS**

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Defendant terminated Plaintiff for reasons that violate Nevada's public policy against discrimination and/or termination of employees who pursue and file workers' compensation claims. Defendant tortiously terminated Plaintiff for her pursuit and filing of

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

her lawful workers' compensation claim.

29. As a proximate result of Defendant's tortious discharge of Plaintiff, Plaintiff suffered general, special, and consequential damages in excess of $10,000.00 (Ten Thousand Dollars).

30. Defendant's acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005, Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

31. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**COUNT II**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT**

32. Plaintiff hereby hereby realleges and incorporates paragraphs 1 through 31 of this Complaint as through fully set forth herein.

33. Defendant interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's rights under the FMLA.

34. Defendant required Plaintiff to use FMLA leave of absence due to her injury, although she was capable of performing tasks within her job description with minimal work restrictions. Plaintiff's doctor certified her release to return to work. Plaintiff provided such release to return to her work to Defendant. Defendant required Plaintiff to be on involuntary FMLA leave of absence even though Plaintiff was released to return to work by her doctor.

35. Plaintiff, by being required to use FMLA leave of absence for her shoulder injury, exercised her rights under FMLA. Defendant committed the aforementioned

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

conduct including Plaintiff's termination in reckless and willful violation of Plaintiff's federally protected rights.

36. Defendant's aforementioned conduct including requiring Plaintiff to go on an involuntary FMLA leave of absence and termination of Plaintiff resulted in Defendant engaging in activity that chilled the exercise of Plaintiff's rights, caused interference, caused harassment, and retaliation against Plaintiff for exercising her rights under the FMLA, and/or discriminated against Plaintiff in violation of the FMLA, 29 USC § 2615 *et. seq.*

37. Defendant terminated Plaintiff while she was required by Defendant to be on an involuntary FMLA leave of absence.

38. Defendant terminated Plaintiff because it would not hold her job position open for longer than twelve weeks.

39. Defendant's aforementioned conduct and resulting termination of Plaintiff was motivated by the exercise of Plaintiff's rights under FMLA and was in violation of the FMLA.

40. Defendant discriminated against and discharged Plaintiff for using FMLA leave of absence and for exercising her FMLA protected rights.

41. As a direct and proximate result of Defendant's unlawful activity, Plaintiff has sustained damages in excess of $10,000.00.

42. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Plaintiff and thus Plaintiff is entitled to punitive damages with respect to her claim.

43. Plaintiff has been forced to obtain counsel to seek redress for Defendant's legal violations and thus is entitled to recoup his attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. For general damages in excess of $10,000.00;

B. For special damages, where applicable, in excess of $10,000.00;

C. For compensatory damages in excess of $10,000.00;

D. For reasonable attorneys' fees and costs incurred in filing this action;

E. For punitive damages on claims warranting such damages;

F. Such other and further relief as this Court deems appropriate and just.

Dated this 10 day of June 2015.

Respectfully submitted,

GABROY LAW OFFICES

By _/s/_Christian Gabroy_____________

CHRISTIAN GABROY (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**IAFD**

Gabroy Law Offices
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 943-1936
christian@gabroy.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LILLIAN TAMAYO, an individual;<br><br>Plaintiff,<br>vs.<br><br>SAMSONITE COMPANY STORES, LLC.; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.<br>Dept.<br><br>**Initial Appearance Fee Disclosure** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| Lillian Tamayo, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

Dated this 10th day of June 2015.

GABROY LAW OFFICES.

By: /s/ Christian Gabroy
Christian Gabroy (#8805)
Ivy Hensel (#13502)
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

Samsonite

INCIDENT REPORTING FORM

**SUPERVISOR'S REPORT OF EMPLOYEE ACCIDENT OR INJURY**

NOTE: This form should be completed only by a supervisor
This form is to be completed in addition to the *Employee Accident or Injury* form
If the incident does not involve an employee, please use the *Non-Employee Accident or Injury* form

**EMPLOYEE**

Injured Employee's name: Lillian Annette Tamayo Job Title: Asst manager

Address: 9444 Lake Creek St Day Phone: [redacted]

Las Vegas NV 89123 Evening Phone: ______

Store Number: 153 Experience in position: 4 years

Witnesses: ______

Manager/Supervisor name: Francisco Padilla

**INCIDENT**

Date of incident: 6-14-2013 Time of Incident: 11:00 (AM)/PM

Emergency services contacted?: NO Date reported to HR: 6-16-13

Describe the work being done at the time of the accident or injury: stacking boxes

Describe in detail how the accident or injury occurred and identify any unsafe acts or conditions that may have contributed to the accident or injury: while lifting boxes over my head felt pain in left Shoulder. no unsafe act committed.

**WITNESSES** (Please include contact information)

______

______

**TREATMENT**

Part(s) of body injured: Left Shoulder

Describe Nature of injury: Pain in left Shoulder

Did the employee seek medical treatment? If so, where? No

**PREVENTION**

Describe the specific action(s) that will be taken to prevent this type of incident from recurring or that will minimize the risk of injury to another associate: ______

If the action calls for training, describe the type of training and date training will be completed or if ordering new equipment or repairing equipment list date to be completed: ______

**COMPLETED BY**

Name: Willian Annette Tamayo Title: Asst manager

Signature: Willian Annette Tamayo Date: 6/16/13

**REVIEWED BY** (Human Resources Representative)

Name: ______ Title: ______

Signature: ______ Date: ______

**E-mail this form immediately to Tracy.Bertles@Samsonite.com, fax to (303) 373-7218 or call 1-800-637-6582**

# EXHIBIT II

# EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT
FORM C-4
PLEASE TYPE OR PRINT

## EMPLOYEE'S CLAIM – PROVIDE ALL INFORMATION REQUESTED

First Name: Lillian M.I.: A Last Name: Tamayo Birthdate: 9-27-1965 Sex: ☐ M ☒ F Claim Number (Insurer's Use Only)

Home Address: 9444 lake Creek st Age: 47 Height Weight Social Security Number: [redacted]

City: Las vegas State: NV Zip: 89123 Telephone: [redacted]

Mailing Address City State Zip Primary Language Spoken: English

INSURER THIRD-PARTY ADMINISTRATOR Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred: Asst manager

Employer's Name/Company Name: Samsonite Telephone: [redacted]

Office Mail Address (Number and Street): 7400 S Las Vegas Blvd NV 89123

Date of Injury (if applicable): 6-14-12 Hours Injury (if applicable): 11 am pm Date Employer Notified: 6-16-12 Last Day of Work After Injury or Occupational Disease Supervisor to Whom Injury Reported: FRANCISCO Padilla

Address or Location of Accident (if applicable): 7400 S Las Vegas Blvd NV 89123

What were you doing at the time of the accident? (if applicable): Lifting boxes

How did this injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary): while lifting boxes over my head felt pain in left shoulder

If you believe that you have an occupational disease, when did you first have knowledge of the disability and its relationship to your employment?

Witnesses to the Accident (if applicable)

Nature of Injury or Occupational Disease: Pain left Shoulder Part(s) of Body Injured or Affected: Left Shoulder

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND THAT I HAVE PROVIDED THIS INFORMATION IN ORDER TO OBTAIN THE BENEFITS OF NEVADA'S INDUSTRIAL INSURANCE AND OCCUPATIONAL DISEASES ACTS (NRS 616A TO 616D, INCLUSIVE OR CHAPTER 617 OF NRS). I HEREBY AUTHORIZE ANY PHYSICIAN, CHIROPRACTOR, SURGEON, PRACTITIONER, OR OTHER PERSON, ANY HOSPITAL, INCLUDING VETERANS ADMINISTRATION OR GOVERNMENTAL HOSPITAL, ANY MEDICAL SERVICE ORGANIZATION, ANY INSURANCE COMPANY, OR OTHER INSTITUTION OR ORGANIZATION TO RELEASE TO EACH OTHER, ANY MEDICAL OR OTHER INFORMATION, INCLUDING BENEFITS PAID OR PAYABLE, PERTINENT TO THIS INJURY OR DISEASE, EXCEPT INFORMATION RELATIVE TO DIAGNOSIS, TREATMENT AND/OR COUNSELING FOR AIDS, PSYCHOLOGICAL CONDITIONS, ALCOHOL OR CONTROLLED SUBSTANCES, FOR WHICH I MUST GIVE SPECIFIC AUTHORIZATION. A PHOTOSTAT OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

Date: 6-17-12 Place: Polaris Employee's Signature: [signature]

## THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT

Place: POLARIS Name of Facility: CONCENTRA

Date: 06/17/12 Diagnosis and Description of Injury or Occupational Disease: L- Sh strain

Hour

Is there evidence that the injured employee was under the influence of alcohol and/or another controlled substance at the time of the accident? ☒ No ☐ Yes (If yes, please explain)

Treatment: ICE / MOTRIN / FLEXERIL
NO LIFTING / PULLING / PUSHING
PT / RTC

Have you advised the patient to remain off work five days or more? ☐ Yes Indicate dates: from ______ to ______

X-Ray Findings:

☒ No If no, is the injured employee capable of: ☐ full duty ☒ modified duty

If modified duty, specify any limitations/restrictions: ______

From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease as job incurred? ☒ Yes ☐ No

Is additional medical care by a physician indicated? ☒ Yes ☐ No

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes ☒ No (Explain if yes)

Date: 06/17/12 Print Doctor's Name: [signature] I certify that the employer's copy of this form was mailed to the employer on:

Address: 5850 S. POLARIS AVE # 100 INSURER'S USE ONLY

City: LV State: NV Zip: 89118 Provider's Tax I.D. Number: 75 2014828 Telephone: 702 739 9957

Doctor's Signature: [signature] Degree: [illegible]

SCANNED

# EXHIBIT III

Claim Number:

# Concentra Medical Centers

5850 S Polaris Ave Ste 100 LAS VEGAS, NV 89118
Phone: (702) 739-9957 Fax: (702) 739-9370

Service Date: 06/17/2013
Case Date: 06/14/2013

## Physician Work Activity Status Report

**Patient:** Tamayo, Lillian A.
**SSN:** [redacted]
**Address:** 9444 Lake Creek ST.
LAS VEGAS, NV 89123
**Home:** [redacted]
**Work:** (702) 878-1113 **Ext.:**

**Employer Location:** Samsonite
**Address:** 7400 Las Vegas Blvd.
LAS VEGAS, NV 89123
**Auth. by:** Francisco Padilla

**Contact:** Tracy
**Role:** HR Manager
**Phone:** (303) 373-7476 **Ext.:**
**Fax:**

**This Visit:** **Time In:** 03:10 pm **Time Out:** 05:38 pm **Recordable:** N/A **Visit Type:** New

**Treating Provider:** Taposhi C. Swar, APN

**Diagnosis:** 840.9 Sprain Of Unspecified Site Of Shoulder And Upper Arm

**Medications:**
- ☐ Dispensed Prescription Medication to Patient
- ☐ Dispensed Over-The-Counter Prescription
- ☒ Written Prescription given to Patient

**Patient Status:**

**Modified Activity - Returning for follow-up visit**

**Restricted Activity (In effect until next physician visit):**

Return to work on 06/17/2013 with the following restrictions
No lifting over 20 lbs.
No pushing and/or pulling over 40 lbs. of force

**Remarks:**

**Employer Notice:** The prescribed activity recommendations are suggested guidelines to assist in the patient's treatment and rehabilitation. Your employee has been informed that the activity prescription is expected to be followed at work and away from work.

**Anticipated Date of Maximum Medical Improvement:** **Actual Date of Maximum Medical Improvement:**

**Next Visit(s):** **Patient Notice:** It is essential to your recovery that you keep your scheduled appointments, but should you need to reschedule or cancel your appointment, please contact the clinic. Thank you for your cooperation.

~~**Visit Date:** Wednesday June 19, 2013 2:00 pm~~
**Provider/Facility:** Robert D. Lewis, MD

# EXHIBIT IV

Annette,
I am so sorry I forgot to send you this letter.
If you have any questions just give me a call.
Thanks, Tracy

August 2, 2013

Lillian Tamayo
9444 Lake Creek St.
Las Vegas, NV 98123

Dear Lillian,

You have been placed off work due to a Workers' Compensation injury effective 7/5/13.

As an employee of Samsonite Corporation it is important that you are aware of what will be expected of you during this Workers' Compensation Leave of Absence.

Please review the following items carefully:

- You must report to Human Resources Department and/or your Supervisor after each and every appointment.
- Human Resources and your Supervisor will review the work status form to determine if you return to work or continue off on a leave of absence.
- You must call Samsonite Human Resources at (303) 373-7476 or (800) 637-6582, as soon as possible, if you cannot keep a scheduled appointment.
- The Family and Medical Leave Act of 1993, if you are eligible, will run concurrent with this Workers' Compensation Leave of Absence.

If you have any questions, feel free to contact me at (800) 637-6582.

Sincerely,

Tracy Bertles

Tracy Bertles
Manager Human Resources
Samsonite LLC
P.O. Box 21187
Denver, CO 80221
Fax: 303-373-7218

wcloa.doc