F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
HOLLEY DRIGGS WALCH FINE
WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:     702/791-1912

*Attorney for Defendant SAMSONITE COMPANY STORES, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LILLIAN TAMAYO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE COMPANY STORES, LLC.;<br>EMPLOYEE(S)/AGENT(S) DOES 1-10; and<br>ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-01963-RCJ-NJK |

### **DEFENDANT'S MOTION TO DISMISS**

Defendant SAMSONITE COMPANY STORES, LLC ("Defendant" or "Samsonite"), by and through its attorney of record, F. Thomas Edwards, Esq., of the firm Holley Driggs Walch Fine Wray Puzey & Thompson, and pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby moves to dismiss Count III (violation of Family Medical Leave Act) for failure to state a claim upon which relief can be granted.

///

///

///

///

///

///

///

Defendant's Motion to Dismiss (the "Motion") is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein and any argument presented at hearing on the Motion.

Dated this 16th day of October, 2015.

**HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON**

*/s/ F. Thomas Edwards*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail:   tedwards@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912

*Attorney for Defendant SAMSONITE COMPANY STORES, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On June 10, 2015, Plaintiff Lillian Tamayo ("Plaintiff") filed a Complaint in Nevada district court alleging: (1) tortious discharge in violation of public policy protecting employees who pursue workers' compensation claims; and (2) violation of Family Medical Leave Act ("FMLA"). Dkt. No. 1-1. On August 26, 2015, Plaintiff filed an Amended Complaint (the "Complaint"), adding a claim for violation of Americans with Disabilities Act. Dkt. No. 1-2. On October 9, 2015, Defendant removed this action to this Court. Dkt. No. 1. As explained below, Plaintiff's claim for violation of Family Medical Leave Act ("FMLA") fails as a matter of law.

Plaintiff failed to allege the elements required in order to state a prima facie claim for either an interference FMLA claim or a discriminatory or retaliatory FMLA claim. In addition, it is undisputed that Plaintiff was on FMLA leave from July 5, 2013 through October 29, 2013, a

11052-01/1579994

period of almost seventeen (17) weeks.[1] When Plaintiff was terminated, Plaintiff had received well in excess of the allotted twelve (12) weeks of FMLA leave and was no longer entitled to the protections of the FMLA. Based on the foregoing, Defendants respectfully request that this Court dismiss Plaintiff's claim for violation of FMLA.

## II.

## LEGAL ARGUMENT

### A. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp v. Twombly</u>, 500 U.S. 544, 555 (2007). While a party is not required to plead detailed factual allegations, Fed. R. Civ. P. requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). In

---

[1] Plaintiff's Complaint describes her FMLA leave as "involuntary." <u>See</u> Complaint ¶ 21. However, forced leave can only amount to interference if the employer's actions somehow prevent the employee from later using FMLA benefits to which she is entitled. <u>See</u> <u>Walker v. Trinity Marine Products, Inc.</u>, 721 F.3d 542, 544 (8th Cir. 2013); see also <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445 F.3d 161, 175 (2d Cir.2006) ("[F]orced leave, by itself, does not violate any right provided by the FMLA."); <u>Foster v. New Jersey Dept. of Transp.</u>, 255 Fed. Appx. 670, 671 (3d Cir. 2007) (quoting the same language from <u>Sista</u>); <u>Wysong v. Dow Chemical Co.</u>, 503 F.3d 441, 449 (6th Cir. 2007) ("the employee's claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past."). Plaintiff has not alleged that she was later prevented from using FMLA benefits due to her "involuntary" leave, so the characterization of the leave is irrelevant.

To the extent this Court finds the voluntariness of the leave relevant, this Court may consider matters outside the pleadings and treat this as a motion for summary judgment under FRCP Rule 56. <u>See</u> Fed. R. Civ. P. Rule 12(d). Plaintiff alleges that she was injured on the job and the Defendant accommodated her injury to allow her to continue working. <u>See</u> Complaint ¶ 19. However, Plaintiff omits from the Complaint that despite the accommodations, Plaintiff reinjured herself on July 3, 2013, and, in a hand written letter advised her manager of the re-injury and stated, "Im going to stay off till I get better. Im not healing." <u>See</u> July 4, 2013 fax, attached as **Exhibit B**, and the Declaration of Tracy Bertles (the "Bertles Declaration"), attached as **Exhibit A**. In addition, Plaintiff has alleged in her Complaint that her condition did not substantially change until one month after her termination. <u>See</u> Complaint ¶ 30. These facts, taken together, leave no dispute that Plaintiff *voluntarily* remained out of work well beyond the allotted twelve (12) week leave period provided for by FMLA and that Plaintiff was, as discussed *infra*, no longer under the protection of FMLA.

order to prevail on a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949. Further, "conclusory allegations of law and unwarranted inferences are insufficient to defendant a Motion to Dismiss for failure to state a claim." In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Verifone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993)).

Plaintiff has failed to set forth any cognizable legal theory supporting a claim for violation of FMLA in the Complaint. Thus, Plaintiff's cause of action for violation of FMLA should be dismissed.

**B.  Plaintiff Has Failed to State a Valid Claim for Interference With Her Rights under FMLA Because Plaintiff has Failed to Allege She Was Denied Benefits to Which She Was Entitled**

Plaintiff has alleged that Samsonite interfered with, restrained, and/or denied her attempt to exercise her rights under FMLA. See Complaint ¶ 48. It is a violation of FMLA for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" the substantive rights guaranteed by FMLA. 29 U.S.C. § 2615(a)(1). When a party alleges a violation of § 2615(a)(1), it is known as an interference claim. Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011).

> The Sixth and Seventh Circuits have ably summarized the elements of an employee's prima facie case where the employer fails to reinstate the employee: the employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) **his employer denied him FMLA benefits to which he was entitled**. We agree with this approach.

Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011) (internal citations omitted) (emphasis added). As stated, element five (5) of an interference claim requires a showing by an employee that she was **denied FMLA benefits by her employer**. In analyzing a similarly worded prong of its own test, the Tenth Circuit has stated that in order to satisfy this element of an interference claim "the employee must show that she was prevented from taking the full 12 weeks' of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial

permission to take leave."[2]  Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007) (citing Metzler v. Fed. Home Loan Bank, 464 F.3d 1164, 1181 (2006); 29 C.F.R. § 825.216(a)(1)).

Further, pursuant to the FMLA statute, an employee eligible for FMLA due to a qualifying condition is entitled to no more than twelve (12) weeks of leave during any twelve (12) month period. See 29 U.S.C. § 2612. FMLA "does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends." Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011) (citing Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006)). As such, an employer does not violate the FMLA when the employer fires an employee who is unable to return to work at the end of the 12-week period. See Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006).

Plaintiff has not alleged that she was denied the opportunity to take, or was interfered with in her attempts to take FMLA leave. See generally Complaint. In fact, Plaintiff confirms in her Complaint that she went on FMLA leave effective July 5, 2013. See Complaint ¶ 21. In addition, Plaintiff has not alleged that she was prevented from taking the full twelve (12) weeks of leave provided by FMLA. To the contrary, Plaintiff was on FMLA leave from July 5, 2013, until October 29, 2013. See Complaint ¶¶ 21, 27, 28. This is a period spanning 116 days, eighty-two (82) weekdays and more than sixteen (16) workweeks. Neither was Plaintiff denied reinstatement following the expiration of her allotted twelve (12) weeks of leave. Instead, her employment was terminated only after she had exceeded the allotted twelve (12) workweeks (or sixty (60) days) of leave and was no longer under the protection of the FMLA. Plaintiff specifically alleges that Samsonite terminated her because "it would not hold her job position

---

[2] The fifth prong of the Ninth Circuit test is worded as "**his employer denied him FMLA benefits to which he was entitled.**" Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011) (emphasis added).

In the Tenth Circuit, in order to state a claim for interference under the FMLA, a plaintiff must allege: "(1) that [s]he was entitled to FMLA leave, (2) **that some adverse action by the employer interfered with h[er] right to take FMLA leave**, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights." Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007)(quoting Jones v. Denver Pub. Sch., 427 F.3d 1315, 1319 (10th Cir. 2005)) (emphasis added).

open for longer than twelve weeks." See Complaint ¶ 53. Further, Plaintiff confirms that it **was not until one month after she was terminated** that her condition substantially changed. See Complaint ¶ 30. Terminating an employee when she is unable to return to work at the end of the twelve (12) week period does not violate FMLA. See Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006). Finally, Plaintiff has not alleged that she was denied initial permission to take leave. See generally Complaint. In fact, Plaintiff has clearly stated that she went on FMLA leave. See Complaint ¶ 21.

For all of the foregoing reasons, Plaintiff has failed to state a valid FMLA interference claim and, to the extent her claim for violation of FMLA relies on Samsonite's interference with her FMLA rights, it must be dismissed as a matter of law.

C. **Plaintiff Has Failed to State a Claim for Discrimination or Retaliation for Exercising Her Rights Under FMLA Because Plaintiff Was No Longer Under the Protection of FMLA and Because Plaintiff Never Returned to Her Position**

An alleged violation of 29 U.S.C. § 2615(a)(2) is known as a discrimination or retaliation claim. See Sanders v. City of Newport, 657 F.3d 772, 777 (9th Cir. 2011) (citing Bachelder v. Am. West Airlines, Inc., 259 F.3d 1112, 1124-1125 (9th Cir.2001)). It is unclear whether or not Plaintiff intends to also include a discrimination or retaliation claim as part of her claim for violation of FMLA.[3] In addition to Plaintiff's allegations that Samsonite interfered with her rights under FMLA, Plaintiff has also alleged that her termination was motivated by the exercise of her rights under FMLA and was in retaliation of her exercising such rights. See Complaint ¶¶ 51, 54. To the extent Plaintiff intends to allege a discrimination or retaliation claim, this too fails as a matter of law because Plaintiff was no longer under the protections of the FMLA when she was terminated and because she never returned to work following her FMLA leave of absence.

---

[3] In Bachelder v. Am. West Airlines, Inc., 259 F.3d 1112 (9th Cir.2001), the court provided that "By their plain meaning, the anti-retaliation or anti-discrimination provisions [of the FMLA] do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.'" Id. at 1124. "In contrast, the 'anti-retaliation' provisions of FMLA prohibit '[discrimination] against any individual for opposing any practice made unlawful by this subchapter,' (a)(2), and discrimination against any individual for instituting or participating in FMLA proceedings, (b), prohibitions which are not at issue in this case. 29 U.S.C. § 2615(a)(2)." Id. at fn. 11.

- 6 -

In a nearly identical factual situation, this Court held that the relevant inquiry regarding an employee's protection under the FMLA is whether or not the leave exceeded the permitted twelve (12) weeks.

> The dispositive question remaining is whether the total amount of leave Plaintiff was permitted to take equaled or exceeded twelve workweeks. *See* 29 U.S.C. § 2612(a)(1). It did, and the facts Plaintiff has alleged therefore make her FMLA claim not only implausible under *Twombly* and *Iqbal*, but also impossible under *Conley*.

Settlemyers v. Play LV Gaming Operations, No. 2:09-CV-02253-RCJ-GW, 2011 WL 1042569, at *3 (D. Nev. Mar. 18, 2011). Based upon the fact that the leave exceeded the twelve (12) weeks allowed by the FMLA, the Court dismissed the plaintiff's FMLA claim, and the Court should reach the same conclusion here. Id.

"The protections of the FMLA entitling an employee to return to his job as if he had never left, with equivalent pay, benefits and other terms of employment, **do not survive the expiration of the twelve-week FMLA period**. *See* 29 U.S.C. §§ 2612(a)(1), 2614(a)(1)." Hibbs v. Department of Human Resources, 152 Fed. Appx. 648, 649 (9th Cir. 2005) (emphasis added). Relying on the decision in Hibbs, a California district court denied a claim under FMLA where the employee's leave exceeded twelve weeks. *See* Hands v. Advanced Critical Care-Los Angeles, Inc., No. 2:14-CV-06514-ODW, 2015 WL 114185, at *5 (C.D. Cal. Jan. 8, 2015); *see also* Sproul v. Washoe Barton Med. Clinic, No. 3:10-CV-00801-RCJ, 2011 WL 5190529, at *2 (D. Nev. Oct. 27, 2011) ("She does not allege having been fired for taking twelve or fewer workweeks of leave in a twelve month period related to a 'serious health condition that [made her] unable to perform the functions of [her] position.'"); Hunt v. DaVita, Inc., 680 F.3d 775, 779-780 (7th Cir. 2012) ("Because employers are entitled to terminate at-will employees who do not return to work after leave expires, it cannot be unlawful retaliation to terminate uniformly any employees because they did not return to work after their leave expired."); McClelland v. CommunityCare HMO, Inc., 503 F. App'x 655, 659 (10th Cir. 2012) ("The FMLA permits an employer to terminate an employee who cannot return to work after her twelve weeks of leave have expired.").

///

> In contrast [to an interference claim], a retaliation claim may be brought **when the employee successfully took FMLA leave, was restored to her prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work.**

Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287-88 (10th Cir. 2007) (emphasis added).

Plaintiff was on FMLA leave for 118 days, well in excess of the mandated twelve (12) weeks of FMLA leave that employers are required to provide. Plaintiff's leave of over sixteen (16) weeks took her outside the statutory protections of the FMLA. See Hands at *5. Plaintiff's condition did not substantially change to allow her to return to work until at least a month after she was terminated. See Complaint ¶ 30. In addition, she has not alleged that she returned to her position after her FMLA leave and was subsequently adversely affected. Because Plaintiff was not entitled to any statutory protection after failing to return to work after taking over twelve (12) weeks of FMLA leave and because Plaintiff never returned to her position, Plaintiff's claim for discrimination or retaliation for exercising her rights under FMLA fails as a matter of law.

**D. Defendant Cannot be Awarded Punitive Damages Because They Are Not Allowed Under the FMLA**

If this Court does not dismiss the entire claim for violation of FMLA (and it should), Defendant respectfully requests that this Court dismiss Plaintiff's request for punitive damages as it relates to the claim for violation of the FMLA since punitive damages are not allowed in such a claim. See Complaint ¶ 57; see also Farrell v. Tri-Cnty. Metro. Transp. Dist. of Oregon, 530 F.3d 1023, 1025 (9th Cir. 2008) ("It is well-settled that the FMLA, by its terms, only provides for compensatory damages and not punitive damages.") (citing Liu v. Amway Corp., 347 F.3d 1125, 1133 n. 6 (9th Cir.2003)); 29 U.S.C.A. § 2617 (West) (limiting damages to lost wages, actual monetary loss (if no lost wages), interest on such and liquidated damages equal to the sum of all damages calculated above).

### III.

### CONCLUSION

Pursuant to Plaintiff's request, Plaintiff was placed on FMLA leave. Subsequently, Plaintiff failed to return to work after twelve (12) weeks. Plaintiff's FMLA claim fails as a

matter of law because Plaintiff is no longer entitled to the protections of FMLA leave after taking more than twelve (12) weeks of leave. For all of the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claim for violation of the FMLA.

Dated this 16th day of October, 2015.

HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON

/s/ F. Thomas Edwards
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail:    tedwards@nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorney for Defendant SAMSONITE COMPANY STORES, LLC*

## CERTIFICATE OF SERVICE

I certify that I am an employee of Holley Driggs Walch Fine Wray Puzey & Thompson, and that on the 16th day of October, 2015, I served the DEFENDANT'S MOTION TO DISMISS by the following means to the persons as listed below:

[X]   ECF System to:

[ ]   By Direct email (as opposed to through the ECF system) to the following:

[ ]   United States Mail, postage fully prepaid to:

Christian Gabroy, Esq.
Ivy Hensel, Esq.
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Ste. 280
Henderson, NV  89012
E-mail:  christian@gabroy.com
         ivyhensel@gabroy.com
         assistant@gabroy.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Toni D. Neal
an employee of Holley Driggs Walch Fine Wray Puzey & Thompson

11052-01/1579994

# EXHIBIT A

# EXHIBIT A

## Declaration of Tracy Bertles

I, Tracy Bertles, do hereby voluntarily state under penalty of perjury under the laws of the United States of America as follows:

1. At all times relevant hereto, I was Manager of Human Resources for Samsonite Company Stores, LLC ("Samsonite").

2. On July 4, 2013, Plaintiff Lillian Annette Tamayo ("Ms. Tamayo") faxed me a letter which explained that she decided to help another employee hang a curtain and aggravated her pre-existing shoulder injury. In the fax, Ms. Tamayo stated: "Im going to stay off till I get better. Im not healing" ("Voluntary Leave Letter"), a true and accurate copy of which is attached hereto as **Exhibit B**.

3. Ms. Tamayo then voluntarily went on leave from Samsonite.

4. The Voluntary Leave Letter is in Ms. Tamayo's handwriting.

5. I am personally familiar with Ms. Tamayo's handwriting based on having seen her handwriting on various employment documents while she was employed with Samsonite.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date 10/15/2015

_____
Tracy Bertles

11052-01/1580081.doc

# EXHIBIT B

# EXHIBIT B

7/3/13

Fran,

James had a hard time putting up Kiosk Curtain I had to go help him. he put it upside down twice. I Cant be doing that it's hard on my shoulder. I'm trying here and I don't think I can do that. I'm going to stay off till I get better. I'm not healing.

Sorry
Annette