UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LILLIAN TAMAYO,<br><br>     Plaintiff,<br><br>vs.<br><br>SAMSONITE COMPANY STORES, LLC,<br><br>     Defendant. | 2:15-cv-01963-RCJ-NJK<br><br>**ORDER** |

This case arises out of an alleged wrongful termination.  Pending before the Court is a Motion to Dismiss (ECF No. 7).  For the reasons given herein, the Court grants the motion as to punitive damages but otherwise denies the motion.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Lillian Tamayo began working for Defendant Samsonite Company Stores, LLC as a floor supervisor in 2008. (Am. Comp. ¶ 12, ECF No. 1-2).  Plaintiff injured her shoulder at work on June 14, 2013 while lifting a heavy box above her head. (*Id.* ¶ 14).  She was diagnosed with a strained left shoulder and filed a workers compensation claim. (*Id.* ¶¶ 16–17).  She was released to return to work on June 17, 2013 but was restricted to lifting 20 pounds and pushing or pulling 40 pounds (the "Restrictions"). (*Id.* ¶ 18).  Plaintiff requested accommodations in accordance with the Restrictions, which Defendant temporarily provided by assigning her to

work in a kiosk. (*Id.* ¶ 19).  Defendant later withdrew the accommodation. (*Id.* ¶ 20).  Effective July 5, 3013, Defendant placed Plaintiff on FLMA leave against her wishes based on the injury, informing her that she could not return to work until the Restrictions were lifted. (*Id.* ¶¶ 21–22).  Eventually, Plaintiff was placed on "light work restrictions," but Defendant refused to allow her to return until all restrictions were lifted. (*Id.* ¶¶ 22–25).  On October 29, 2013, Defendant contacted Plaintiff and terminated her, informing her that it could not hold her position open for over twelve weeks. (*Id.* ¶¶ 27–29).

Plaintiff sued Defendant in state court.  The Amended Complaint ("AC") lists three causes of action: (1) violation of the Americans with Disabilities Act ("ADA"); (2) tortious discharge; and (3) violation of the Family Medical Leave Act ("FMLA").  Defendant removed the AC and has now moved to dismiss the FMLA claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

Defendant argues that the FMLA claim fails because Plaintiff does not allege Defendant refused to allow her the twelve weeks of non-paid leave guaranteed by the FMLA. Indeed, Defendant argues, Plaintiff admits she was permitted to take more than the twelve weeks statutorily required. To make out a claim of FMLA interference under 29 U.S.C. § 2614(a)(1), a Plaintiff must allege that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Defendant focuses on the fifth element and argues that because Plaintiff does not allege Defendant denied her the ability to take FMLA leave, she has not made out a § 2614(a)(1) claim. The Court disagrees. Defendant misperceives the nature of the right, as explained in the very paragraph Defendant quotes:

> The right to reinstatement guaranteed by 29 U.S.C. § 2614(a)(1) is the linchpin of the entitlement theory because the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends. Thus, evidence that an employer failed to

reinstate an employee who was out on FMLA leave to her original (or an equivalent) position establishes a prima facie denial of the employee's FMLA rights.

*Id.* (internal quotation marks and citations omitted). In other words, because leave itself is only one benefit to which one is entitled under the FMLA, the denial of FMLA leave represents only one way an employer might violate the FMLA. Another way for an employer to violate the FMLA is to fail to permit the employee to return to work after FMLA leave without being adversely affected by the fact of having taken FMLA leave, which is what Plaintiff alleges happened here. Section 2615(a)(1) prohibits "interfere[nce] with . . . any right provided under [Subchapter I of Chapter 28 of Title 29]," 29 U.S.C. § 2615 (a)(1), and one of those rights is the right "(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment," *id.* § 2614(a)(1). Plaintiff has made out a claim of a violation of the right to reinstatement by alleging that Defendant refused to reinstate her after her FMLA leave. (Am. Compl. ¶¶ 21–29). Indeed, Plaintiff alleges a particularly egregious violation: that after forcing her against her wishes to take over twelve weeks of what Defendant itself characterized as FMLA leave, Defendant then refused to reinstate her precisely because she had been on leave for over twelve weeks. (*Id.*).

Next, Defendant argues that Plaintiff has made out no FMLA discrimination or retaliation claims[1] because Plaintiff was on FMLA for more than twelve weeks, and an FMLA claim cannot

---

[1] "Retaliation" and "discrimination" in the present context are not separate kinds of claims but alternative theories by which an FMLA plaintiff may prove an interference claim under § 2615(a)(1). *See Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1124 (9th Cir. 2001) (citing 29 U.S.C. § 2615(a)(1); 29 C.F.R. 825.220(c)). The Court of Appeals has noted the confusion caused by the fact that the statute itself uses the term "discrimination" to describe a separate type of FMLA claim by a plaintiff against whom an employer retaliates for having opposed unlawful practices under the FMLA. *See id.* (citing 29 U.S.C. § 2615(a)(2)). The Court perceives no

be based on the failure of an employer to provide more leave than is statutorily required. Defendant correctly states the law, but Plaintiff alleges she never wanted to take FMLA leave beginning on July 5, 2015, much less for more than twelve weeks thereafter.  She has sufficiently alleged that Defendant retaliated against her after forcing her to take FMLA leave.[2]  She argues that she never "failed to return to work" because she never wanted to be absent from work and that the only leave she ever wanted to take was the three days in June 2015 between her initial injury and her release to work.  The Court therefore denies the motion as against a retaliation theory.  The Court also rejects the motion as against a discrimination theory, under which an employer may not use the fact of having taken FMLA leave as a negative factor in employment actions. *See Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1124 (9th Cir. 2001).  Plaintiff has sufficiently alleged that her (unwanted) FMLA leave was a negative factor in Defendant's decision to terminate her as an alternative to it having been the sole factor.

Finally, Defendant argues that punitive damages are not available under the FMLA.  The Court grants the motion in this regard. *See Farrell v. Tri-County Metro. Transp. Dist. of Or.*, 520 F.3d 1023, 1025 (9th Cir. 2008).  Plaintiff notes in response that punitive damages may be available on other claims, but Defendant has only moved against punitive damages as to the FMLA claim.

///

///

---

statutory discrimination claim under § 2615(a)(2) here, but only a statutory interference claim under § 2615(a)(1) based alternatively on "retaliation" and "discrimination" theories.

2 The Court will not consider evidence adduced by Defendant as to the voluntary nature of the leave at the dismissal stage.  Nor may the Court treat the motion under Rule 56 where Plaintiff has neither requested it nor invited it by attaching evidence to her opposition.  If Defendant believes Plaintiff or her counsel has violated Rule 11 as to the allegations in the Complaint, it may file a motion for sanctions.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED IN PART as to punitive damages but is otherwise DENIED.

IT IS SO ORDERED.

Dated: This 4th day of December, 2015.

_____
ROBERT C. JONES
United States District Judge