F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
SEAN E. STORY, ESQ
Nevada Bar No. 13968
E-mail: sstory@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:	702/791-0308
Facsimile:	702/791-1912

*Attorneys for Defendant SAMSONITE COMPANY STORES, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LILLIAN TAMAYO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE COMPANY STORES, LLC.;<br>EMPLOYEE(S)/AGENT(S) DOES 1-10; and<br>ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.:	2:15-cv-01963-RCJ-NJK<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Samsonite Company Stores, LLC ("Defendant"), by and through its attorney of record, F. Thomas Edwards, Esq. of the law firm Holley Driggs Walch Fine Wray Puzey & Thompson hereby answers the Amended Complaint ("Complaint") of Lillian Tamayo ("Plaintiff") and responds to the factual allegations of each numbered paragraph of the Complaint as follows:

**JURISDICTION AND VENUE**

1. As to the allegations contained in Paragraph No. 1, Defendant denies the allegations contained therein.

2. The allegations contained in Paragraph No. 2 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the

1 allegations.

2 3. The allegations contained in Paragraph No. 3 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations.

4. As to the allegations contained in Paragraph No. 4, Defendant denies the allegations contained therein.

## THE PARTIES

5. As to the allegations contained in Paragraph No. 5, Defendant does not have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegations.

6. The allegations contained in Paragraph No. 6 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations.

7. The allegations contained in Paragraph No. 7 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations.

8. As to the allegations contained in Paragraph No. 8, Defendant admits that during all time periods referenced in the Complaint, it was a foreign limited liability company registered with the Nevada Secretary of State. The allegations in Paragraph No. 8 otherwise constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the remaining allegations.

9. As to the allegations contained in Paragraph No. 9, no response is required as Plaintiff has asserted inappropriate DOE and ROE defendant allegations. To the extent that a response is required, Defendant denies the allegations.

## PROCEDURAL REQUIREMENTS

10. The allegations contained in Paragraph No. 10 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations.

11. The document referenced in Paragraph No. 11 speaks for itself and Defendant denies the allegations contained in Paragraph No. 11 to the extent they are inconsistent with said document.

## FACTUAL ALLEGATIONS

12. As to the allegations contained in Paragraph No. 12, Defendant admits the allegations contained therein.

13. As to the allegations contained in Paragraph No. 13, Defendant admits that Plaintiff was promoted to assistant manager. Paragraph No. 13 otherwise contains Plaintiff's own subjective characterizations of her work and work performance and thus Defendant does not have sufficient knowledge or information upon which to admit or deny the allegation contained therein and upon said ground, denies said allegations.

14. As to the allegations contained in Paragraph No. 14, Defendant admits that Plaintiff claimed that she was injured on or about June 14, 2013. Defendant otherwise does not have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegations.

15. As to the allegations contained in Paragraph No. 15, Defendant admits that Plaintiff notified her supervisor that she had been injured. Otherwise, the referenced document speaks for itself and Defendant denies the remaining allegations to the extent they are inconsistent with said document.

16. As to the allegations contained in Paragraph No. 16, Defendant admits that Plaintiff has presented documentation reflecting her receipt of medical care and a strained left shoulder. Defendant otherwise does not have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegations.

17. The document referenced in Paragraph No. 17 speaks for itself and Defendant denies the allegations contained in Paragraph No. 17 to the extent they are inconsistent with said document.

///

///

18. As to the allegations contained in Paragraph No. 18, Defendant admits that Plaintiff has presented documentation reflecting her work restrictions. Defendant does not otherwise have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegation.

19. As to the allegations contained in Paragraph No. 19, Defendant admits that Plaintiff requested and Defendant provided accommodations. Defendant denies the remaining allegations contained therein.

20. As to the allegations contained in Paragraph No. 20, Defendant denies the allegations contained therein.

21. As to the allegations contained in Paragraph No. 21, Defendant denies the allegations contained therein.

22. As to the allegations contained in Paragraph No. 22, Defendant denies the allegations contained therein.

23. As to the allegations contained in Paragraph No. 23, Defendant admits that, at times, Plaintiff presented documentation reflecting her medical treatment and work restrictions. Defendant denies the remaining allegations contained therein.

24. As to the allegations contained in Paragraph No. 24, Defendant admits that, at times, Plaintiff contacted Defendant to update Defendant of the status of her work restrictions. Defendant denies the remaining allegations contained therein.

25. As to the allegations contained in Paragraph No. 25, Defendant denies the allegations contained therein.

26. As to the allegations contained in Paragraph No. 26, Defendant denies the allegations contained therein.

27. As to the allegations contained in Paragraph No. 27, Defendant admits the allegations contained therein.

28. As to the allegations contained in Paragraph No. 28, Defendant admits the allegations contained therein.

///

29. As to the allegations contained in Paragraph No. 29, Defendant denies the allegations contained therein.

30. As to the allegations contained in Paragraph No. 30, Defendant does not have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegations.

**COUNT I**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION/HARASSMENT/RETALIATION**
**42 U.S.C. § 12112/ NRS 613.310**

31. Defendant hereby incorporates its responses to the preceding paragraphs.

32. The allegations contained in Paragraph No. 32 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations.

33. As to the allegations contained in Paragraph No. 33, Defendant denies the allegations contained therein.

34. As to the allegations contained in Paragraph No. 34, Defendant admits that Plaintiff has presented documentation reflecting her receipt of medical care and a strained left shoulder. Defendant otherwise does not have sufficient knowledge or information upon which to admit or deny the allegations contained therein and upon said ground, denies said allegations.

35. As to the allegations contained in Paragraph No. 35, Defendant denies the allegations contained therein.

36. As to the allegations contained in Paragraph No. 36, Defendant denies the allegations contained therein.

37. As to the allegations contained in Paragraph No. 37, Defendant denies the allegations contained therein.

38. As to the allegations contained in Paragraph No. 38, Defendant denies the allegations contained therein.

39. As to the allegations contained in Paragraph No. 39, Defendant denies the allegations contained therein.

40. As to the allegations contained in Paragraph No. 40, Defendant denies the allegations contained therein.

41. As to the allegations contained in Paragraph No. 41, Defendant denies the allegations contained therein.

## COUNT II
## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS

42. Defendant hereby incorporates its responses to the preceding paragraphs.

43. As to the allegations contained in Paragraph No. 43, Defendant denies the allegations contained therein.

44. As to the allegations contained in Paragraph No. 44, Defendant denies the allegations contained therein.

45. As to the allegations contained in Paragraph No. 45, Defendant denies the allegations contained therein.

46. As to the allegations contained in Paragraph No. 46, Defendant denies the allegations contained therein.

## COUNT III
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

47. Defendant hereby incorporates its responses to the preceding paragraphs.

48. As to the allegations contained in Paragraph No. 48, Defendant denies the allegations contained therein.

49. As to the allegations contained in Paragraph No. 49, Defendant denies the allegations contained therein.

50. As to the allegations contained in Paragraph No. 50, Defendant denies the allegations contained therein.

51. As to the allegations contained in Paragraph No. 51, Defendant denies the allegations contained therein.

52. As to the allegations contained in Paragraph No. 52, Defendant denies the allegations contained therein.

53. As to the allegations contained in Paragraph No. 53, Defendant denies the allegations contained therein.

54. As to the allegations contained in Paragraph No. 54, Defendant denies the allegations contained therein.

55. As to the allegations contained in Paragraph No. 55, Defendant denies the allegations contained therein.

56. As to the allegations contained in Paragraph No. 56, Defendant denies the allegations contained therein.

57. As to the allegations contained in Paragraph No. 57, Defendant denies the allegations contained therein.

58. As to the allegations contained in Paragraph No. 58, Defendant denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

As and for a separate defense, Defendant alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff is barred from obtaining relief for any claim by reason of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. By her own actions, Plaintiff is estopped from asserting any claim against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted or otherwise pled to herein.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has not suffered any damages.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff, by her own acts and conduct, waived her right to assert any claim.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Damages and injuries, if any, suffered by Plaintiff are not attributable to any act, conduct, or omission on the part of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's alleged damages, if any, are the direct result of her own conduct.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff is barred from relief for any claim by operation of the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff is barred from obtaining relief for any claim by reason of her failure to mitigate her damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff is not "disabled" under the Americans with Disabilities Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff did not request a "reasonable accommodation."

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred to the extent she failed to file an EEOC charge within 180 days of the alleged discriminatory or retaliatory actions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff failed to exhaust the required administrative remedies prior to brining this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims should be dismissed to the extent they were not set forth in her administrative charge.

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred to the extent she failed to submit to a medical evaluation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendant at all times acted in good faith and with reasonable grounds for believing it did not violate any law.

### NINETEENTH AFFIRMATIVE DEFENSE

19. All actions complained of by Plaintiff were taken by Defendant consistent with a business necessity.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant denies having any wrongful or discriminating motivation with respect to Plaintiff, but asserts that the actions which Plaintiff complains of would have been taken for lawful reasons independent of any alleged wrongful motivation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. It has been necessary for Defendant to employ the services of an attorney to defend this Complaint, and reasonable sums should be allowed as and for attorneys' fees, together with the costs expended in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of this Answer to the Amended Complaint, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry. Therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants. Defendant incorporates by reference each and every affirmative defense set forth in Federal Rules of Civil Procedure, Rule 8(c), as if fully set forth herein. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

///

///

## **PRAYER**

WHEREFORE, having answered Plaintiff's Amended Complaint, Defendant requests that this Court enter judgment as follows:

1. That Plaintiff takes nothing by reason of her Amended Complaint, that the Amended Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant be awarded reasonable costs and attorneys' fees; and

3. That Defendant be awarded such other relief against Plaintiff as deemed just and equitable by the Court.

Dated this 28th day of December, 2015.

**HOLLEY DRIGGS WALCH**
**FINE WRAY PUZEY & THOMPSON**

*/s/ Sean E. Story*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
SEAN E. STORY, ESQ.
Nevada Bar No. 13968
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912
*Attorneys for Defendant SAMSONITE COMPANY STORES, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of December, 2015, I electronically filed the **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registrants.

>　　　/s/ Norma S. Moseley
>　　　an employee of Holley Driggs Walch
>　　　Fine Wray Puzey & Thompson